

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 27, 2026.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-50484-cag |
| GDC TECHNICS, LLC, | § | |
| Debtor. | § | CHAPTER 11 |

| | | |
|---|---|---|
| GDC INVESTCO LP, | § | |
|     Plaintiff, | § | |
| v. | § | ADV. NO. 25-05063-cag |
| | § | |
| MAZAV MANAGEMENT, LLC; | § | |
| GILAT SATELLITE NETWORKS LTD., | § | |
|     Defendants. | § | |

### ORDER DENYING DEFENDANT'S MOTION
### FOR COSTS AND ATTORNEYS' FEES (ECF NO. 48)

Came to be considered Defendant MAZAV Management, LLC's ("Defendant") Motion for Costs and Attorneys' Fees (ECF No. 48), Plaintiff GDC Investco LP's ("Plaintiff") Response to Defendant's Motion for Costs and Attorneys' Fees (ECF No. 51), and Defendant's Reply in

1

Support of its Motion for Costs and Attorneys' Fees (ECF No. 52).[1] The Court denies Defendant's Motion.

JURISDICTION

This case was dismissed for lack of subject matter jurisdiction. (ECF No. 45). But "courts may award costs and attorneys' fees after an action is dismissed for want of jurisdiction." *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. A-17-CV-143, 2018 WL 3018177, at *4 (W.D. Tex. June 15, 2018) (citing *Cooter & Gell v. Kartmarx Corp.*, 496 U.S. 384, 395 (1990)). Therefore, this Court has jurisdiction to adjudicate Defendant's claim for costs and attorneys' fees.

BACKGROUND

On August 28, 2025, Plaintiff filed this adversary proceeding, requesting this Court to find a breach of contract and to make a declaratory judgment. (ECF No. 1). Defendant filed its Motion to Dismiss Under Rules 12(b)(1), (2), (3), and (7), stating, among other things, this Court did not have subject matter jurisdiction over Plaintiff's causes of action. (ECF No. 3). Plaintiff filed its Response to Defendant's Motion to Dismiss, claiming, *inter alia*, that this Court had subject matter jurisdiction. (ECF No. 13). Defendant subsequently filed its Reply in Support of its Motion to Dismiss. (ECF No. 16). At a hearing on December 3, 2025, the Court found it had no subject matter jurisdiction. (ECF No. 42). On December 4, 2025, the Court entered an order dismissing the case under Fed. R. Civ. P. 12(b)(1). (ECF No. 45).

Two weeks after entry of the order, Defendant filed its Motion for Costs and Attorneys' Fees. (ECF No. 48). Defendant claims it is entitled to just costs under 28 U.S.C. § 1930(d) because the statute permits the Court to award such costs. (*Id.* at 3–4). Defendant also claims it is entitled to attorneys' fees as Plaintiff acted in bad faith by filing its claims in this Court. (*Id.* at 4). Plaintiff

---

[1] "ECF No." refers to the electronic case file docket number. All references are to Adv. No. 25-05063 unless noted otherwise.

2

subsequently filed its Response to Defendant's Motion for Costs and Attorneys' Fees. (ECF No. 51). Plaintiff argues Defendant has no recoverable costs and that Defendant is not entitled to attorneys' fees as Plaintiff acted in good faith throughout the case. (ECF No. 51 at 3, 10). Defendant filed its Reply in Support of its Motion for Costs and Attorneys' Fees, reiterating its arguments. (ECF No. 52).

## DISCUSSION

**I.  Defendant may not recover costs and attorneys' fees from Plaintiff.**

*A.  Defendant may not recover costs from Plaintiff.*

Defendant may not recover costs from Plaintiff. 28 U.S.C. § 1930(d) provides, "Whenever any case or proceeding is dismissed in any bankruptcy court for want of jurisdiction, such court may order the payment of just costs." But in interpreting this provision, courts have looked to 28 U.S.C. § 1919 due to the lack of case law under § 1930(d) and the similarity between the two statutes. *E.g.*, **Southeast Landco, LLC v. 150 Beachview Holdings, LLC (In re Fry)**, No. 03-20394, 2008 WL 7390612, at *4 (Bankr. S.D. Ga. Mar. 27, 2008) ("Because of the absence of case law applying [28 U.S.C. § 1930(d)] in bankruptcy adversary proceedings, I analogize from cases under 28 U.S.C. § 1919, which provides for an award of costs in dismissals for want of jurisdiction by district courts."); **Saxum Stone, LLC v. Lennar Multifamily Builders LLC (In re Consol. Est. of Former W2W Entities)**, No. 19-32600, 2024 WL 2123765, at *8 (Bankr. D. Or. May 10, 2024).

28 U.S.C. § 1919 provides, "Whenever any action or suit is dismissed in any district court . . . such court may order the payment of just costs." Interpreting § 1919, the Fifth Circuit held, "There is nothing in § 1919, however, that requires such an award: Orders under this statute are purely permissive." **Religious Tech. Ctr. v. Liebreich**, 98 F. App'x 979, 986–87 (5th Cir. 2004)

3

(per curiam). The Fifth Circuit reasoned, "This follows from the plain text of the statute, which states that a court 'may order the payment of just costs.'" *Id.* at 987 n.24 (quoting 28 U.S.C. § 1919). Identical to § 1919, § 1930(d) provides that a bankruptcy court "*may* order the payment of just costs." 28 U.S.C. § 1930(d) (emphasis added). The statutory language of "may" opposed to "must" or "shall" indicates the Court has broad discretion in the decision to award just costs. Therefore, the Court finds orders under 28 U.S.C. § 1930(d) are purely permissive.

Like other courts, this Court will look to case law under 28 U.S.C. § 1919 for guidance in what bankruptcy courts should consider in interpreting § 1930(d). "Unlike Rule 54(d), there is no presumption in favor of a cost award under section 1919[.]" ***Karnes v. Fleming***, No. H-07-0620, 2009 WL 385458, at *2 (S.D. Tex. Feb. 17, 2009). "Rather, section 1919 provides a court discretion to determine what costs are 'just' based on the totality of the circumstances." ***U.S. ex rel. DeKort v. Integrated Coast Guard Sys.***, LLC, No. 06-CV-1792, 2013 WL 1890283, at *1 (N.D. Tex. Mar. 27, 2013), *report and recommendation adopted sub nom.* ***U.S. ex rel. DeKort v. Lockheed Martin Corp.***, No. 06-CV-1792-0, 2013 WL 1891392 (N.D. Tex. May 6, 2013) (citations omitted). "Among the non-exclusive factors that inform a court's discretion to award costs are the presence of exigent circumstances, such as hardship or culpable behavior by the parties, and the strength of the plaintiff's jurisdictional claims." *Id.* (citing ***Otay Land Co. v. United Enters. Ltd.***, 672 F.3d 1152, 1158–59 (9th Cir. 2012)). The Court finds these rules apply to 28 U.S.C. § 1930(d) as well.

Here, Defendant gives no reason why this Court should award just costs to Defendant nor why its costs are "just" costs. (*See* ECF No. 48 at 3–4; Def.'s Ex. 1, 1-A, 1-B; ECF No. 52 at 2). Defendant merely states, "Therefore, under 28 U.S.C. § 1930(d) this Court may award Mazav its just costs." (ECF No. 48 at 3). There is no evidence of hardship or culpable behavior by the parties.

Based on the totality of circumstances of this case, as further described below, the Court does not find Defendant is entitled to its costs. Therefore, the Court will not award costs to Defendant.

B.  *Defendant may not recover attorneys' fees from Plaintiff.*

Defendant may not recover attorneys' fees from Plaintiff. "Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require." **Hall v. Cole**, 412 U.S. 1, 4–5 (1973). Therefore, "it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" **Id.** The purpose of this fee-shifting is punitive. **Id.** at 5. This rule applies even when a court has dismissed the case for lack of subject matter jurisdiction. See **Laufer v. Mann Hosp., L.L.C.**, 996 F.3d 269, 274 (5th Cir. 2021) (finding the district court could have awarded attorneys' fees if it had found bad-faith conduct even though the case was dismissed for lack of subject matter jurisdiction). "'[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." **Hall**, 412 U.S. at 15.

"The standards for bad faith are necessarily stringent." **Batson v. Neal Spelce Assocs., Inc.**, 805 F.2d 546, 550 (5th Cir. 1986). "Because inherent powers to levy attorneys' fees for bad faith are shielded from direct democratic controls, they must be exercised with restraint and discretion." **Id.** (quoting **Roadway Express Inc. v. Piper**, 447 U.S. 752, 766 (1980)). "Examples of bad faith include when the party practices a fraud upon the court or delays or disrupts the litigation or hampers a court order's enforcement." **Williams v. Lockheed Martin Corp.**, 990 F.3d 852, 867 (5th Cir. 2021) (citation modified). In other words, "advocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the

5

extra outlays attributable thereto." ***Batson***, 805 F.2d at 550 (quoting ***Lipsig v. Nat'l Student Mktg. Corp.***, 663 F.2d 178, 181 (D.C. Cir. 1980)). But "[a] party should not be penalized for maintaining an aggressive litigation posture." ***Batson***, 805 F.2d at 550. In this case, Defendant contends "Plaintiff has acted in bad faith by filing its state law claims in the Bankruptcy Court, post-confirmation of the bankruptcy plan, between non-debtors, which does not affect the execution or implementation of the bankruptcy plan." (ECF No. 48 at 4). The Court disagrees.

Based on the law, Plaintiff's arguments and construction of the law do not rise to the level of bad faith. 28 U.S.C. § 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 157(a) provides, "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Therefore, bankruptcy cases and proceedings "related to" bankruptcy cases are referred to this Court pursuant to the District Court's Standing Order of Reference.

"A matter is 'related to' the bankruptcy when 'the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.'" ***Segner v. Admiral Ins. Co. (In re Palmaz Sci., Inc.)***, No. 17-05027, 2018 WL 661409, at *3 (quoting ***Pacor, Inc. v. Higgins***, 743, F.2d 984, 994 (3d. Cir. 1984)). But in ***Craig's Stores of Texas, Inc.***, the Fifth Circuit held that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, *other than for matters pertaining to the implementation or execution of the plan*." 266 F.3d 388, 390 (5th Cir. 2001) (emphasis added). The Fifth Circuit reiterated this rule in subsequent decisions showing that bankruptcy courts' post-confirmation jurisdiction was limited. See ***RDNJ Trowbridge v. Chesapeake Energy Corp. (In re Chesapeake***

6

*Energy Corp.)*, 70 F.4th 273, 281 (5th Cir. 2023) ("Following the confirmation of a Chapter 11 reorganization plan, bankruptcy jurisdiction is limited to matters 'pertaining to the implementation or execution of the plan.'"); *Natixis Funding Corp. v. GenOn Mid-Atl., L.L.C. (In re GenOn Mid-Atl. Dev., L.L.C.)*, 42 F.4th 523, 534 (5th Cir. 2022) ("Confirmation dissolves the debtor's estate and, with it, bankruptcy jurisdiction, except 'for matters pertaining to the implementation or execution of the plan.'"); *Galaz v. Galaz (In re Galaz)*, 665 F. App'x 372, 377 (5th Cir. 2016); *Newby v. Enron Corp. (In re Enron. Sec.)*, 535 F.3d 325, 335 (5th Cir. 2008); *U.S. Brass Corp. v. Travelers Ins. Grp. (In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002).

In addition to this overarching rule, the *Craig's Stores* court gave further reasons as to why the bankruptcy court did not have jurisdiction over the case before the court: a breach of contract claim brought by the debtor "eighteen months after the court had approved the reorganization plan." *Enron*, 535 F.3d at 335. As the Fifth Circuit in *Enron* described it:

> Three factors were critical to [the *Craig's Stores* court's] decision: first, the claims at issue 'principally dealt with post-confirmation relations between the parties;' second, '[t]here was no antagonism or claim pending between the parties as of the date of the reorganization;' and third, 'no facts or law deriving from the reorganization or the plan [were] necessary to the claim.'

*Id.* Therefore, the *Enron* court appeared to insinuate these three factors should be used in some way in determining post-confirmation bankruptcy jurisdiction. The Fifth Circuit, in decisions after *Enron*, clarified how these factors relate to *Craig's Stores's* overarching rule on jurisdiction. In *GenOn*, the Fifth Circuit found, "Those factors are a useful heuristic, but only the *Enron* court has applied them. The rest of our decisions ask Craig's overarching question: Does the dispute 'pertain to the implementation or execution' of the debtor's reorganization plan?" 42 F.4th at 534. The Fifth Circuit, in *Chesapeake Energy*, found: "While some cases can be decided without them, the three *Craig's Stores* factors are a 'useful heuristic' for determining whether a matter concerns the

7

effectuation of the plan." 70 F.4th at 283. In other words, the three factors were to be used to help answer the overarching question of whether the causes of action brought by a plaintiff "pertain[] to the implementation or execution of the plan." *Craig's Stores*, 266 F.3d at 390.

Here, the plan in the underlying bankruptcy case had been fully consummated, and therefore, there was no plan to implement or execute. The plan was confirmed on September 22, 2021. (Case No. 21-50484, ECF No. 460). The Court entered a Final Decree on August 28, 2023.[2] (Case No. 21-50484, ECF No. 735). The Final Decree provided, "This Order constitutes a final decree closing the above-captioned Chapter 11 Case, which shall be effective on the date that the Liquidating Trustee files a notice that the Final Distribution has been made, the Trusts' final tax returns have been filed, and all final Liquidating Trust expenses have been paid[.]" (*Id.* at 2). The Final Decree further provided, "This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order." (*Id.*). On December 23, 2023, the Liquidating Trustee filed the Notice of Occurrence of Closing Date Pursuant to Final Decree Closing Chapter 11 Case. (Case No. 21-50484, ECF No. 738). Therefore, by December 23, 2023, the final distribution had been made, the Liquidating Trust expenses had been paid, the Liquidating Trust dissolved, and the case was deemed closed. (*Id.*)

Plaintiff filed this adversary proceeding approximately two years later on August 28, 2025. In arguing that Plaintiff's claim for breach of contract should not be dismissed for lack of jurisdiction, Plaintiff argued this Court had "related to" jurisdiction under 28 U.S.C. § 1334. (*See* ECF No. 13 at 6). Plaintiff acknowledged that the Fifth Circuit held "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy, ceases to exist,

---

[2] See ***In re Valence Tech., Inc.***, No. 12-11580, 2014 WL 5320632, at *1–4 (Bankr. W.D. Tex. Oct. 17, 2014) where the Court finds an estate must be "fully administered" for a court to enter a final decree and examines when an estate is considered fully administered.

other than matters pertaining to the implementation or execution of the plan." (*Id.* (quoting ***Enron***, 535 F.3d at 335). Yet, Plaintiff went on to state, "In practice, however, the standard for establishing post-confirmation jurisdiction is more flexible than this statement suggests." (ECF No. 13 at 6). Plaintiff subsequently analyzed its causes of action solely under the three ***Craig's Stores*** factors in arguing that this Court had subject matter jurisdiction. (*See* ECF No. 13 at 6–9). By focusing solely on the three ***Craig's Stores*** factors in isolation, Plaintiff effectively deemphasized ***Craig's Stores's*** overarching question: "Does the dispute 'pertain to the implementation or execution' of the debtor's reorganization plan?" ***GenOn***, 42 F.4th at 534 (citations omitted). In its ruling, this Court found the ***Craig's Stores*** factors weigh against jurisdiction in this case. The Court further emphasized the Fifth Circuit's focus on ***Craig's Stores's*** overarching question, noting the plan in this case had been fully consummated.

Based on these facts, the Court does not find Plaintiff to have acted in bad faith. The Court disagrees with Plaintiff's interpretation of the law and its use of the ***Craig's Stores*** factors. But while Plaintiff's presentation of the law is questionable, it does not rise to the level of bad faith. Rather, Plaintiff's arguments are within the reasonable bounds of acceptable advocacy. Lawyers must utilize the law they are given to the best of their ability. While there is a line of bad faith attorneys may cross in the midst of zealous advocacy, Plaintiff did not cross that line in this case based on the totality of the circumstances. Therefore, Defendants are not entitled to attorneys' fees.

## CONCLUSION

For the reasons stated above, the Court does not award costs to Defendant. The Court does not find Plaintiff acted in bad faith, and therefore, the Court does not award attorneys' fees to Defendant.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Costs and Attorneys' Fees (ECF No. 48) is **DENIED**.

# # #